Filed 3/4/15  P. v. Campos Flores CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ANTONIO CAMPOS FLORES,<br><br>    Defendant and Appellant. | B257540<br><br>(Los Angeles County<br>Super. Ct. No. MA063161) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Christopher G. Estes, Judge.  Affirmed.

John F. Schuck, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————————

Antonio Campos Flores was charged in a criminal complaint with one count each of possession for sale of methamphetamine and driving without a valid license. He entered a negotiated plea of no contest, both orally and in writing, to one count of possession for sale of methamphetamine. In accordance with the plea agreement, imposition of sentence was suspended and Campos Flores was placed on three years of formal probation, on condition he serve 24 days in county jail, with credit for time served. The remaining count was dismissed.

At the plea hearing, Campos Flores was represented by counsel and had the assistance of a Spanish language interpreter. Campos Flores was provided with a plea form which was read to him and translated into Spanish. He confirmed that he understood and had initialed and signed that form. He was thus advised of and waived his constitutional rights and was advised of and acknowledged orally and in writing he understood the consequences of his plea. Among the consequences Campos Flores initialed on the plea form, indicating he understood them and had discussed them with his attorney was "if I am not a citizen of the United States, the conviction for the offense charged will have the consequences of deportation, exclusion from admission or denial of naturalization." Defense counsel stipulated to a factual basis for the plea. The trial court found Campos Flores had knowingly, voluntarily and intelligently waived his constitutional rights and entered his no contest plea.

Campos Flores timely filed a notice of appeal, in which he checked the preprinted boxes indicating his appeal "was based on the sentence or other matters occurring after the plea that do not affect the validity of the plea," "is after a contested violation of probation" and "other" without specifying other grounds for appeal. Attached to his notice of appeal was a lengthy "Declaration" in which Campos Flores claimed defense counsel failed to advise him of the immigration consequences of his plea. In his request for a certificate of probable cause, Campos Flores asserted his counsel rendered constitutionally ineffective assistance in failing to investigate and to inform him of the adverse immigration consequences of his plea.

We appointed counsel to represent Campos Flores on appeal. After an examination of the record counsel filed an opening brief in which no issues were raised. On November 14, 2014 and January 20, 2015, we advised Campos Flores by letter he had 30 days in which to personally submit any contentions or issues he wished us to consider. Each time the letter was returned, with the notation: "Return To Sender, Not Deliverable As Addressed, Unable to Forward" with a notation from the jail facility Campos Flores was no longer in custody.

We have examined the record and are satisfied Campos Flores's attorney has fully complied with the responsibilities of counsel and no arguable issue exists. The record establishes Campos Flores was adequately advised of the immigration consequences of his plea when he signed the plea form. (See *People v. Superior Court* (*Zamudio*) (2000) 23 Cal.4th 183, 207.) That the admonitions were communicated in writing rather than repeated orally is of no legal significance because the trial court confirmed Campos Flores had read and understood the plea form and had signed it willingly. (See *Arlena M. v. Superior Court* (2004) 121 Cal.App.4th 566, 570.) Additionally, the record fails to demonstrate defense counsel provided ineffective assistance at any time during the proceedings. (See *Strickland v. Washington* (1984) 466 U.S. 668, 686 [104 S.Ct. 2052, 80 L.Ed.2d 674].)

## DISPOSITION

The judgment is affirmed.


ZELON, J.

We concur:



PERLUSS, P. J.                    IWASAKI, J.[*]

---

[*]     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

3